IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 MAR -3  PM 2: 21
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY

EDUARDO NUNEZ; MARICELA NUNEZ,
        Plaintiffs,

-vs-                                                                  Case No. A-14-CA-89-SS

CITIMORTGAGE, INC., SUCCESSOR BY
MERGER TO ABN AMRO MORTGAGE
GROUP, INC.,
        Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant CitiMortgage, Inc., successor by merger to ABN AMRO Mortgage Group, Inc.'s Motion to Dismiss [#5], Plaintiffs Eduardo Nunez and Maricela Nunez's Response [#6], and Defendant's Reply [#7]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This lawsuit appears to be an effort by Plaintiffs Eduardo Nunez and Maricela Nunez to stop a foreclosure sale initiated by Defendant CitiMortgage, Inc. (CMI). On December 15, 2006, Plaintiffs took out a home equity loan on their home located at 214 Hazeltine Drive, Lakeway, Texas 78734 in Travis County. On January 7, 2014, Plaintiffs filed this lawsuit in state court alleging the loan violates article XVI, section 50(a)(6) of the Texas Constitution. Specifically, Plaintiffs claim the lender, ABN AMRO Mortgage Group (AAMG), was required to get licensed by the Office of Consumer Credit Commissioner. By issuing a loan without a license, Plaintiffs argue AAMG

automatically forfeited all principal and interest, and without a debt, there can be no lien. Therefore, Plaintiffs contend, there was neither a debt nor a valid lien to transfer to AAMG's successor, CMI, and without a debt and an enforceable lien, CMI cannot conduct a valid foreclosure sale of the Property. Based on this argument, Plaintiffs assert the following claims: (1) quiet title; (2) common law fraud; (3) statutory fraud; (4) violations of the Texas Debt Collection Act; (5) violations of Texas Civil Practice & Remedies Code § 12.002; (6) an accounting; (7) declaratory judgment; and (8) injunctive relief.

CMI removed the case to this Court on January 29, 2014, and filed a motion to dismiss on February 5, 2014. Plaintiffs responded, CMI replied, and the Court now addresses the motion.

## Analysis

### I.   Rule 12(b)(6)—Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and common sense." *Id.* at 679. In deciding a motion to dismiss, courts may consider the complaint, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). A court may dismiss a claim pursuant to Rule 12(b)(6) when the plaintiff cannot recover on a cause of action because the statute of limitations has expired. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

## II.  Application

### A.  Statute of Limitations

Plaintiffs allege numerous violations of article XVI, section 50(a)(6) of the Texas Constitution. Plaintiffs' claims, though, are barred by the applicable statutes of limitations. Section 50(a)(6) claims—including suits to quiet title based on alleged 50(a)(6) violations—are subject to

a four-year statute of limitations. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674–76 (5th Cir. 2013); *see also Williams v. Wachovia Mortg. Corp.*, 407 S.W.3d 391, 393 (Tex. App.—Dallas 2013, pet. filed) (upholding dismissal of quiet title claim based on a time-barred section 50(a)(6) claim); *Schanzle v. JPMC Specialty Mortg. LLC*, No. 03–09–00639–CV, 2011 WL 832170, at *4 (Tex. App.—Austin Mar. 11, 2011, no pet.); *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 839 (Tex. App.—Dallas 2008, no pet.).[1] Likewise, the statute of limitations applicable to a fraud claim is four years. *See Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 216 (Tex. 2011); TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4).

Where a claim is based on an alleged violation of section 50(a)(6), the limitations period begins to run when the loan closes because that is when the legal injury occurs. *Priester*, 708 F.3d at 675–76. If a borrower fails to file suit challenging the validity of a home equity lien prior to the passage of limitations, the lien becomes valid. *Id.* at 678 ("Once the period of limitations has passed, the lien is no longer voidable and is valid."). Plaintiffs' loan closed on December 15, 2006. *See* Not. of Removal [#1-2], Ex. 1 (Orig. Pet.), ¶ 8. Because Plaintiffs did not file this suit until January 7, 2014, over seven years after the alleged injury, all claims are barred as a matter of law by the four-year statute of limitations applicable to section 50(a)(6) and fraud claims. *Id.*; *see also Sigaran v. US Bank Nat'l Ass'n*, No. H-12-3588, 2013 WL 2368336, at *7 (S.D. Tex. May 29, 2013) (citing *Priester* in its dismissal of plaintiffs' claim under section 50(a)(6)(P)).

---

[1] *See also Walker v. CitiMortgage, Inc.*, No. H-13-03111, 2014 WL 67245, at *4 (S.D. Tex. Jan. 8, 2014) ("Thus, the period of limitations relating to the creation of allegedly unconstitutional liens is four years from the date the loan closes."); *Cypert v. USBC Bank USA Nat'l Ass'n*, No. 3:13-CV-1032-D, 2013 WL 5822339, at *2 (N.D. Tex. Oct. 30, 2013); *Prutzman v. Wells Fargo Bank, N.A.*, No. H-12-3565, 2013 WL 4063309, at *2–4 (S.D. Tex. Aug. 12, 2013) (applying four-year statute of limitations in accordance with*Priester*); *Ausmus v. Deutsche Bank Trust Comp. Nat'l Ass'n*, No. 3:13-CV-148, 2013 WL 3938515, at *2–4 (S.D. Tex. Jul. 29, 2013) (same); *McDonough v. JPMorgan Chase Bank, N.A.*, No. 3:12-CV-189, 2013 WL 1966930, at *2 (S.D. Tex. May 13, 2013).

Plaintiffs devote the majority of their response to arguing the Fifth Circuit's decision in *Priester* was incorrect, factually distinguishable, or both. None of Plaintiffs' arguments regarding their interpretaion of *Priester* or the wisdom of *Priester* overcomes the court's clear holding in *Priester*: a four-year statute of limitations applies to claims under article XVI, section 50(a)(6) of the Texas Constitution. This Court is bound by the Fifth Circuit's interpretation of Texas law.

**B.     Plaintiffs' Other Claims**

All of Plaintiffs' other claims are premised on the alleged violations of article XVI, section 50(a)(6) of the Texas Constitution. For instance, Plaintiffs' quiet title action is based on the argument "[t]he note, being made by a lender that was not licensed by the OCCC, was void *ab initio*." Orig. Pet., ¶ 19. Similarly, Plaintiffs' statutory and common law fraud claims are premised on the contention, "Defendant AAMG misrepresented a past or existing fact—that it was licensed to provide mortgages in Texas." *Id.*, ¶28. As described above, however, the alleged constitutional violations are time-barred. Therefore, all of these claims must be dismissed.

## Conclusion

Plaintiffs' claims under the Texas Constitution—and their causes of action which are premised on these claims—are barred by limitations. Therefore, all of these claims are dismissed with prejudice and without leave to amend because amendment would be futile.

Accordingly,

   IT IS ORDERED that Defendant CitiMortgage, Inc., successor by merger to ABN AMRO Mortgage Group, Inc.'s Motion to Dismiss [#5] is GRANTED;

IT IS FINALLY ORDERED that all of Plaintiffs Eduardo Nunez and Maricela Nunez's claims against Defendant CitiMortgage, Inc., successor by merger to ABN AMRO Mortgage Group, Inc., are DISMISSED WITH PREJUDICE as time-barred.

SIGNED this the 3rd day of March 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE